FIRST NATIONAL BANK OF GALLIPOLIS

*v.*

MARIETTA MANUFACTURING COMPANY,
A CORPORATION

(No. 12571)

Submitted February 7, 1967.    Decided March 7, 1967.
Rehearing Denied May 29, 1967.

*Steptoe & Johnson, Charles W. Yeager,* for appellant.

*Kay, Casto & Chaney, Robert H. C. Kay, John T. Kay, Jr., Ralph C. Dusic, Jr.,* for appellee.

CAPLAN, JUDGE:

The plaintiff, First National Bank of Gallipolis, instituted a civil action in the Circuit Court of Mason County against the defendant, Marietta Manufacturing Company, a corporation, seeking to recover the sum of $8,676.41. The Circuit Court granted the defendant's motion to strike the evidence of the plaintiff and entered an order directing a verdict for the defendant. It is from the judgment entered on that order that this appeal is now prosecuted. The plaintiff will be referred to as the Bank and the defendant as Marietta.

The following factual situation, as revealed by the record, gave rise to this civil action. On December 4, 1961, J. L. McCorry, Jr. approached Mr. Joe Moch, the president of the First National Bank of Gallipolis, for the purpose of obtaining a loan from the Bank. During the course of their discussion, Mr. McCorry informed Mr. Moch that Marietta Manufacturing Company was indebted to him in the sum of $20,896.38, and that he would pledge the unpaid invoices in that amount as collateral for the $20,000.00 loan he was seeking. Mr. Moch replied that the invoices were not satisfactory as collateral, but said that the desired loan would be made if Mr. McCorry would obtain and present to him a letter from Marietta stating that it would make payments jointly to Mr. McCorry and the Bank. The next day the loan was made by the Bank upon presentation by Mr. McCorry of the following letter:

"December 5, 1961
Mr. J. Mock, President
First National Bank of Gallipolis
Gallipolis, Ohio

Dear Mr. Mock:

Per our records as of November 30, 1961, we have unpaid invoices totaling $20,896.38, payable to J. L. McCorry, Jr. for billing of sand and equipment rental. Per wishes of Mrs. McCorry today checks for payment of these shall be made payable to First National Bank of Gallipolis and J. L. Mc-Corry, Jr.

Very truly yours,
MARIETTA MANUFACTURING COMPANY
/s/ Jon M. Leighty
Jon M. Leighty
Comptroller
JML:Nlh"

No payments were made on this loan until May 18, 1962 when Marietta, in accordance with the commitment in its letter of December 5, 1961, issued its check in the sum of $12,219.97, payable to "First National Bank of Gallipolis and J. L. McCorry, Jr." Except for $600.00, which was credited to interest on the subject loan, the amount of this check was applied to the principal indebtedness owed by Mr. McCorry to the Bank.

On June 22, 1962, Marietta, without making any inquiry of the Bank and without advising it of its intention to do so, issued its check in the sum of $10,362.69, payable to J. L. McCorry, Jr. and delivered it to the said payee. When the Bank subsequently requested additional payment on the McCorry loan from Marietta it was advised that all sums due Mr. McCorry by Marietta had been paid and that it, therefore, would make no further payment to the Bank. Mr. McCorry, now residing in the State of Florida, refuses to pay the Bank the balance due and owing on his loan. Consequently, the Bank, relying on Marietta's commitment in its let-

ter of December 5, 1961, instituted this action to recover the balance due on said loan.

In its answer Marietta substantially admits the factual averments contained in the Bank's amended complaint, but denies that the subject letter created any legally binding undertaking. Interrogatories were propounded by Marietta to the Bank and were answered. After affidavits of Mr. Moch and Mr. McCorry were filed on behalf of the Bank and counter affidavits of Mr. Leighty were filed on behalf of Marietta, the plaintiff and defendant each filed a motion for summary judgment. By order dated May 4, 1964, each of these motions was denied.

The case was set for jury trial on June 22, 1965, at which time the Bank presented the evidence of Joe Moch, its president, and Marlin G. Kearns, its cashier, after which it rested. Thereafter, on the motion of the defendant, the plaintiff's evidence was stricken and, as aforesaid, the court directed a verdict for the defendant. The plaintiff's motion to set aside the judgment and to enter judgment for it having been overruled, this appeal was prosecuted.

The Bank assigns as error the refusal of the trial court to grant its motion for summary judgment and requests that such judgment now be entered. In the alternative, it contends that the court erred in striking its evidence and directing a verdict for the defendant and that the case, at least, should have gone to the jury. It is the position of the appellant that every material fact alleged was established without contradiction.

Marietta, on the other hand, contends that the trial court correctly denied summary judgment to the plaintiff for the reason that certain denials made by it constituted a conflict in the evidence. Furthermore, says the defendant, the Bank failed to prove a cause of action against it.

In the amended complaint, we find the letter of December 5, 1961, wherein Marietta acknowledged that it was indebted to Mr. McCorry in the sum of $20,-896.38. It therein unequivocally committed itself to pay the Bank the amount of such indebtedness. Proof of the existence of this letter and that the Bank made the subject loan to Mr. McCorry solely in reliance thereon was established by the testimony of Joe Moch and Marlin G. Kearns, the president and cashier of the Bank. This testimony remains undisputed.

Marietta admits that it wrote the letter of December 5, 1961, addressed to the Bank, but says that it did not know that such letter was to accommodate Mr. McCorry in obtaining a loan from the Bank. The defendant admits that it made a payment thereafter to the Bank and Mr. McCorry as it said in the letter it would do. It alleged, however, that it paid the $10,-362.69 to Mr. McCorry instead of to the Bank on Mr. McCorry's representation to it that the bank loan had been paid in full by him. Marietta further denied in its answer that it wrote the letter in question to enable Mr. McCorry to obtain a loan so that it would not have to pay its debt to him at that time.

These matters raised by the defendant do not, in our opinion, present a genuine issue as to any material fact. There being no denial by Marietta that it wrote the letter upon which this action is based and the evidence that the Bank made this loan solely in reliance thereon remaining undisputed, Marietta's liability must stand or fall upon the determination of the legal effect of such letter.

The principal contention of the plaintiff is that the letter of December 5, 1961 created a contractual relationship between Marietta and the Bank for the breach of which it is entitled to recover damages. The defendant asserts that the letter did not create a basis for a contract, an assignment or pledge and therefore imposed no legal obligation upon it.

In determining the legal effect of the letter quoted above, we must examine not only the letter but all of the circumstances surrounding this case as revealed by the record. In this letter Marietta informed the Bank that it was indebted to Mr. McCorry for billing of sand and rental equipment. It was therein then stated unconditionally that it would pay to the Bank and Mr. McCorry the amount of its indebtedness to Mr. McCorry. The letter was then delivered by Mr. McCorry to the Bank, which, according to undisputed evidence, granted a loan solely on the strength thereof.

When the Bank, relying solely upon the unequivocal commitment of Marietta, made the loan to Mr. Mc-Corry, a contractual relationship between those two parties was effected. Marietta's promise to pay, in the circumstances of this case, constituted an offer and the Bank's action in granting the loan to Mr. Mc-Corry constituted an acceptance. The contention by Marietta that there was no acceptance by the Bank because it was not notified that the loan was made is wholly untenable. It cannot be seriously contended by Marietta that it did not have actual notice of the loan to Mr. McCorry.

Some purpose must be attributed to the writing of this letter. In the world of business one does not make an unequivocal promise in writing to pay a certain amount to another unless he owes that amount. The defendant's explanation that the letter was written merely as an accommodation to a worried Mrs. Mc-Corry is entirely unsatisfactory to show that Marietta did not know its purpose. Conclusive, however, of the fact that Marietta did in reality have knowledge of this loan was its payment to the Bank and Mr. McCorry on May 18, 1962, in strict compliance with its commitment contained in its letter. Why else would Marietta have made this payment? The record clearly reveals that no reason exists other than the promise in the letter to do so.

That an acceptance may be effected by silence accompanied by an act of the offeree which constitutes

a performance of that requested by the offeror is well established. As stated in the Restatement of Contracts, Section 72 (2), "Where the offeree exercises dominion over things which are offered to him, such exercise of dominion in the absence of other circumstances showing a contrary intention is an acceptance." Reflecting this view, this Court said in Syllabus No. 2 of *Wood & Brooks Co. v. Hewit Lumber Co.*, 89 W. Va. 254, 109 S. E. 242, 19 ALR 467: "Acceptance to enlarge such an offer into a contract need not be actual, it may be inferred from the acts and conduct of the offeree in respect thereof." See also 17 Am. Jur. 2d, Contracts, Sections 45 and 47; *Russell v. The Texas Co.*, 238 Fed. 2d 636.

It becomes clear in the instant case, therefore, that Marietta offered to pay the Bank if the Bank would make a loan to Mr. McCorry. Upon receipt of this offer, the Bank performed as expected by the offeror. Its act constituted an acceptance.

Marietta further contends that even if its letter and the Bank's act of lending money constituted an offer and an acceptance, the contract must fail for lack of consideration. That consideration is an essential element of, and is necessary to the enforceability or validity of a contract is so well established that citation of authority therefor is ununecessary. Consideration has been defined as "some right, interest, profit, or benefit accruing to one party, or some forebearance, detriment, loss, or responsibility given, suffered, or undertaken by another." 17 Am. Jur. 2d, Contracts, Section 85. A benefit to the promisor or a detriment to the promisee is sufficient consideration for a contract. 17 Am. Jur. 2d, Contracts, Section 96.

In the instant case, Marietta promised to pay the Bank a certain amount if the Bank would make the subject loan. In those circumstances the Bank doubtless assumed a risk which constituted a detriment within legal conotation of consideration. In support of this proposition is *The Kanawha Valley Bank v. Nello*

*L. Teer Company,* 128 F. Supp. 325 (S. D. W. Va.) aff'd, 227 F. 2d 306. In that case, Teer, a contractor, promised to pay the Bank the amount of the unpaid invoices of one Furrow, its subcontractor, which were assigned to the Bank if the Bank would lend money to Furrow. Commenting on the adequacy of consideration, the Court said: "Ample consideration for Teer's agreement to pay the assigned invoices existed, not only in the benefit which flowed to Teer through the financing of Furrow, his subcontractor, by the Bank, but also in the risk assumed by the Bank in accepting the assignments as collateral and extending credit to Furrow."

Although the risk assumed by the Bank constitutes sufficient consideration to support the contract in this case, it appears clear from the record that Marietta received a benefit from this transaction, creating a flow of consideration in both directions. If it were not beneficial to Marietta to accommodate Mr. McCorry in obtaining a loan, why would it undertake that obligation? Marietta did, as a matter of record, gain an extension of approximately six months in the payment of the amount owed to Mr. McCorry.

In view of the foregoing, we are of the opinion that the acts of the parties in this case, as revealed by the record, and related above, constitute a contract and that the failure of Marietta to pay the Bank in accordance with its unequivocal promise to do so constitutes a breach of such contract. Furthermore, as herein stated, the record fails to reveal any genuine issue as to any material fact and the plaintiff's motion for summary judgment should have been granted.

For the reason stated herein the judgment of the Circuit Court of Mason County is reversed and the case is remanded to that court with directions to enter summary judgment for the plaintiff.

*Reversed and remanded
with directions.*