UNITED STATES of America, Appellee,

v.

John Herbert EADES, Appellant.

No. 78–5216.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1980.

Decided Oct. 9, 1980.

Stanley J. Reed, Asst. Federal Public Defender (Charles G. Bernstein, Federal Public Defender, Peter D. Ward, Asst. Federal Public Defender, Susan Preston, Law Clerk, Baltimore, Md., on brief), for appellant.

Richard D. Bennett, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Lynne A. Battaglia, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER, BUTZNER, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE and ERVIN, Circuit Judges, sitting *en banc.*

HAYNSWORTH, Chief Judge:

A divided panel of this court reversed the defendant's conviction on two counts under the Assimilative Crimes Act, 18 U.S.C.A. § 13, of third degree sexual offenses in violation of Article 27, § 464B(a)(1)(iii) of the Annotated Code of Maryland.[1] The government filed a petition for rehearing *en banc,* which was granted. Now, after oral argument before the *en banc* court, a majority of the judges in regular active service holds that the defendant's conviction on Counts 2 and 6 of the third degree sexual offenses was not precluded by 18 U.S.C.A. § 113. The reasons for the majority's conclusion are adequately stated in the opinion of the dissenting judge. *United States v. Eades,* 615 F.2d 617, 624 (4th Cir. 1980) (Haynsworth, C. J., dissenting).

---

1. The pertinent portions of the text of § 464B follow:

§ 464B. Third Degree Sexual Offense.

(a) *What constitutes.* A person is guilty of a sexual offense in the third degree if the person engages in sexual contact:

(1) With another person against the will and without the consent of the other person, and:

   \*    \*    \*    \*    \*    \*

(iii) Threatens or places the victim in fear that the victim ... will be imminently subjected to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping ....

   \*    \*    \*    \*    \*    \*

(b) *Penalty.* A person violating the provisions of this section is guilty of a felony and upon conviction is subject to imprisonment for a period of not more than 10 years.

The suggestion in the dissenting opinion after the *en banc* rehearing of inconsistency requires a further word.

The problem is one of preemption by a comprehensive federal assault statute, 18 U.S.C.A. § 113, of a comprehensive Maryland sexual offense statute, Article 27, § 461, *et seq.*, Annotated Code of Maryland. The key to the answer is our perception of congressional intention. That perception is enlightened by a consideration of the apparent purpose of the Congress in the enactment of § 113.

The Congress had been concerned with some sexual offenses committed within the special territorial and maritime jurisdiction of the United States. Rape is a serious offense made unlawful by 18 U.S.C. § 2031, while carnal knowledge of a female under the age of sixteen years and not married to the defendant is proscribed by 18 U.S.C. § 2032. Section 113, however, deals entirely with assaults. In it there is only one reference to a sexual offense. Assault with the intent to commit murder or rape is made unlawful by § 113(a), but that does not suggest that in the enactment of § 113 Congress intended to deal comprehensively, or even generally, with sexual offenses. That it did not have such an intention is strongly suggested by its enactment of separate statutes dealing with carnal knowledge of a female without her consent or under the age of sixteen years.

Under common law concepts, Wilson's conduct was appropriately catalogued as assault with intent to commit rape. He touched the victim's sex organ without her consent and told her that he intended to have intercourse with her, provoking her reaction to effect her escape. It was conduct specifically proscribed by § 113(a). It

was conduct which also falls within the more generalized language of Maryland's § 464B(a)(1)(iii), but surely Congress could not have intended that conduct specifically proscribed by § 113(a) be again punishable under the Assimilative Crimes Act.

To that extent, there is an overlap of the federal assault statute with Maryland's sexual offense statute, but we are unaware of any rule that any such slight touching of federal and state statutes, generally having different purposes, means that the state statute cannot be assimilated in other contexts in which there is no relevant federal statute proscribing the specific conduct in which the defendant has engaged.

There is also a slight touching of the two statutes in the sense that the great majority of the offenses proscribed by Maryland's sexual offense statutes may be said to encompass simple assault as a lesser included offense. The fact that simple assault is made unlawful by § 113(e), however, does not convert the federal assault statute into a general sexual offense statute. One asked to catalogue the conduct of Eades in forcefully fondling the genitals of his second victim and banging her head on the floor, would hardly entitle it "simple assault." There is simply no indication that Congress, in the enactment of § 113, intended to deal with that kind of offense.

We conclude that federal preemption of a state statute in one context when the defendant's conduct is clearly proscribed by a federal statute does not necessarily preempt the state statute in other contexts when the defendant's conduct is no where addressed by any federal statute. It is a matter of congressional intention.[2] We find no congressional intention to preempt the prosecution under the Assimilative

---

**2.** The problem arises most frequently when the federal statute is a comprehensive one covering a wide range of criminal activity, as § 113 does. It is perhaps exacerbated if the state statute is a comprehensive one. Maryland's sexual offense statutes are certainly comprehensive. Even if attention is focused upon 464B(a)(1)(iii)

its general terms reach varied conduct, including Wilson's assault with intent to commit rape, since there was sexual contact, and the kind of offensive touching committed by Eades, though there was no apparent intention of committing rape.

Crimes Act and Maryland § 464B(a)(1)(iii) of Eades for the sexual conduct in which he engaged, which is not proscribed by § 113 or any other federal statute, unless it is treated as only a simple assault.

Part III of the opinion for the panel majority has not been reconsidered and remains in effect.

Accordingly, the defendant's conviction of the third degree sexual offenses charged in Counts 2 and 6, as well as his convictions upon charges in Counts 3, 7 and 9, are all affirmed.

*AFFIRMED.*

WINTER, Circuit Judge, dissenting:

I dissent from the reversal of Eades' conviction for the reasons expressed in the panel majority opinion. *United States v. Eades,* 615 F.2d 617 (4 Cir. 1980). I would write no more except that I am constrained to call attention to the fact that, in my view, the dissenting panel opinion on which the in banc court relies contains an internal inconsistency.[1] That inconsistency is one which was adopted by the government and, notwithstanding its protestations to the contrary, appears to be adopted by the majority of the in banc court.[2] As a consequence, I believe that the district courts and the United States Attorneys of this circuit will be hard pressed to fathom what prosecutions are authorized under the Assimilative Crimes Act for acts in violation of Maryland's Third Degree Sexual Offense statute.

In the panel opinion, the panel unanimously reversed the conviction of Wilson, and a majority of the panel reversed the conviction of Eades, with Chief Judge Haynsworth in dissent. With regard to Wilson who was convicted of assault with intent to commit rape in violation of 18 U.S.C. § 113(a) and of a third degree sexual offense under the Maryland statute, it was Judge Haynsworth's view that, because the former offense is "a greater offense than" the latter, Congress preempted the state crime and rendered it inapplicable. 615 F.2d at 624. With regard to Eades, however, it was Judge Haynsworth's view, now adopted by the majority of the in banc court, that Congress did not preempt his conviction under the Maryland statute because he was convicted only of simple assault under 18 U.S.C. 113(e). *Id.* at 625.

A state statute may not be incorporated through the Assimilative Crimes Act if Congress has preempted the punishment of conduct under that statute by enacting a federal criminal statute that proscribes the same conduct. *United States v. Williams,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946). The reach Congress intended the federal criminal statute to have is thus determinative of whether a similar state statute may be assimilated. It is illogical and inconsistent to affirm Eades' conviction if that of Wilson is reversed. Conversely, if it is correct to reverse Wilson's conviction because § 113(a)–the section proscribing assault with intent to rape–preempted the Maryland sexual offense statute, Eades' conviction must be reversed also. Once preemption as to Wilson is found, there is preemption as to Eades. If the state statute is preempted, it is preempted as to all defendants charged under that state statute regardless of which, if any, section of the

---

1. Because it was a dissenting opinion, there was no need to call attention in the majority panel opinion, to the inconsistency.

2. Accepting the correctness of the panel's decision with respect to Wilson, the government sought rehearing only as to Eades. Although the court granted rehearing in banc as to Eades, it did not on its own motion grant rehearing as to Wilson. I interpret this inaction as implying approval of the decision as to Wilson notwithstanding what is said in the per curiam opinion of the in banc court.

federal assault statute they may be charged with violating. The distinction between Eades and Wilson–that one was convicted of simple assault and the other of assault with intent to rape–is simply irrelevant to the determination of whether the Maryland sexual offense statute was preempted by federal criminal law.

When the majority asserts that federal preemption of a state statute in one context when the defendant's conduct is clearly proscribed by a federal statute does not necessarily preempt the state statute in other contexts, it cites no authority to support it. It seems to me that the majority is speaking of merger and confusing merger with preemption.[3] In my view the very concept of preemption is that, if a state statute is preempted by any federal statute, it is totally preempted and is not available for any other federal prosecution.

---

**3.** The rationale of the panel dissenting opinion that Wilson was convicted under federal law of "a greater offense than a third degree sexual offense under the Maryland statute" and therefore there was preemption suggests the notion of merger. The correct test is not whether the federal offense is greater than the state offense; the test is whether the precise acts have been made penal by an Act of Congress, irrespective if the "offense as enacted by Congress results in a narrower scope for the offense than that given to it by the State . . . " *Williams v. United States*, 327 U.S. 711, 717, 66 S.Ct. 778, 781, 90 L.Ed. 962 (1946).