**Willis R. PERTEE and Rebecca A. Pertee, Plaintiffs**

v.

**The GOODYEAR TIRE AND RUBBER COMPANY, Defendant & Third–Party Plaintiff**

v.

**DOVER ELEVATOR COMPANY, Third–Party Defendant.**

Civ. A. No. 6:93–0307.

United States District Court, S.D. West Virginia, Parkersburg Division.

July 21, 1994.

Robert Losey, Huntington, WV, for plaintiffs.

Jeffrey Phillips and Steven McGowan, Steptoe & Johnson, Charleston, WV, for Goodyear.

David Mohler, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, WV, for Dover.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are cross motions for summary judgment filed by Goodyear Tire & Rubber Company ("Goodyear") and Dover Elevator Company ("Dover"). For reasons discussed below the Court GRANTS Goodyear's motion and DENIES Dover's motion.

Under *Rule 56(c)* of the Federal Rules of Civil Procedure, summary judgment is proper only:

"[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 312, 106 S.Ct. at 2545. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must offer evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Based on this standard the Court rules as follows.

This action arises from alleged injuries suffered by Plaintiff Willis Pertee during work at one of Goodyear's West Virginia facilities. The Plaintiff claims he was injured while performing elevator maintenance services pursuant to a contractual relationship between Goodyear and Dover. Mr. Pertee was employed by Dover when the accident occurred.

The Plaintiffs thereafter filed this lawsuit against Goodyear, claiming the company negligently maintained an unsafe work environment. Goodyear responded by filing a third party action against Dover, asserting that Dover had a contractual duty to indemnify and defend Goodyear from all liability arising from the Plaintiff's accident.

The alleged duty to indemnify arises from the following series of contractual events.

On February 23, 1989, Dover issued Goodyear a document entitled "Agreement for Dover Master Maintenance Service" (hereinafter "Master Maintenance Agreement"). That document provides in relevant part as follows:

"It is understood, in consideration of our performance of the service enumerated herein at the price stated, that nothing in this agreement shall be construed to mean that we assume any liability on account of accidents to persons or property except those directly due to negligent acts of Dover Elevator Company or its employees, and that your own responsibility for accidents to persons or properties while riding on or being about the aforesaid equipment referred to, is in no way affected by this agreement."

On March 28, 1989, Goodyear issued Dover a purchase order "to cover the cost of elevator maintenance per Dover ele[vator] proposal dated 2–23–89." The face of this order contains the following language under the heading "IMPORTANT NOTICE TO SELLER":

"This purchase order is expressly made subject to, and your acceptance is strictly limited to, the terms and conditions stated herein, including the terms and conditions stated on the reverse side hereof."

Paragraph thirteen of the order's terms and conditions provides as follows:

"To the extent that this Purchase Order calls for work to be performed upon property owned or controlled by Purchaser, it is agreed that:

. . . . .

(d) Seller will indemnify, save harmless and defend Purchaser from all liability for loss, damage or injury to person or property in any manner arising out of or incident to the performance of this Purchase Order.

. . . . .

(f) To the extent that this Purchase Order provides that Seller will indemnify, save harmless and defend Purchaser from liability, claims, demands or suits, it is the intention of Seller that such indemnity shall apply, to the extent permitted by law, whether or not the liability, claims, de-

mands or suits arise out of the negligence of purchaser...."

Following the March 28, 1989 purchase order, Goodyear issued Dover two additional purchase orders for elevator maintenance. All three of these purchase orders contained the terms and description of subject matter set forth above. Following each purchase order Dover provided the requested maintenance service.

Based on these facts Goodyear seeks indemnification from Dover for damages arising from Plaintiffs' alleged injuries. Dover denies any duty to indemnify.

The first issue is whether a contract exists between the parties. "Before a contract can be formed, there must be an offer and an acceptance." *Cook v. Heck's, Inc.*, 176 W.Va. 368, 373, 342 S.E.2d 453, 458 (1986). "The concept of a unilateral contract, where one party makes a promissory offer and the other accepts by performing an act rather than by making a return promise, has also been recognized: 'That an acceptance' may be effected by silence accompanied by an act of the offeree which constitutes a performance of that requested by the offeror is well established." *Id.* (quoting *First National Bank v. Marietta Manufacturing Co.*, 151 W.Va. 636, 641–642, 153 S.E.2d 172, 176 (1967)).

"[A]n acceptance of a contractual offer must be unequivocal and unconditional and may not introduce additional terms and conditions not found in the offer." *John D. Stump v. Cunningham Mem. Park*, 187 W.Va. 438, 444, 419 S.E.2d 699, 705 (1992). The Supreme Court of Appeals of West Virginia has ruled as follows:

> " 'A party to whom an offer of contract is made must either accept it wholly or reject it wholly. A proposition to accept on terms varying from those offered is a rejection of the offer, and a substitution in its place of the counter proposition. It puts an end to the negotiation so far as the original offer is concerned.' " *Id.* at 444, 419 S.E.2d at 705; *Stark Elec. v. Huntington Housing Auth.*, 180 W.Va. 140, 142, 375 S.E.2d 772, 774 (1988) (citation omitted).

As set forth above, Goodyear's purchase order contained an indemnity provision not contained in Dover's Master Maintenance Agreement. Applying the *Stump* ruling, "[a] proposition to accept on terms varying from those offered is a rejection of the offer, and a substitution in its place of the counter proposition." The Court concludes that Goodyear's purchase orders were counteroffers to pay for "the cost of elevator maintenance per [the] Dover ele[vator] proposal," subject to the terms and conditions of the purchase orders. Dover accepted these counteroffers, and the terms reflected therein, by performing the elevator maintenance requested.

Because the purchase orders reference the cost of maintenance "per [the] Dover ele[vator] proposal," the Court must consider provisions of the Master Maintenance Agreement in evaluating the parties' contractual duties. Specifically, the Court must determine whether the Maintenance Agreement effectively nullifies the indemnity clause contained in the purchase orders.

As a general rule, separate writings "will be construed together and considered to constitute one transaction when the parties are the same, the subject matter is the same and the relationship between the documents is clearly apparent." *Ashland Oil, Inc. v. Donahue*, 159 W.Va. 463, 469, 223 S.E.2d 433, 437 (1976). "[I]n the construction of contracts, words or clauses are not to be treated as meaningless or discarded if any reasonable meaning consistent with the other parts of the contract can be given them." *Moore v. Johnson Service Co.*, 158 W.Va. 808, 817, 219 S.E.2d 315, 321 (1975). " 'A contract must be considered as a whole, effect being given, if possible, to all parts of the instrument.' " *Id.* (citation omitted).

The language of an indemnity contract "must clearly and definitely show an intention to indemnify against a certain loss or liability." *Sellers v. Owens–Illinois Glass Company*, 156 W.Va. 87, 92, 191 S.E.2d 166, 169 (1972). " '[C]ontracts will not be construed to indemnify a person against his own negligence, unless such contention is expressed in unequivocal terms." *Id.* at 93, 191 S.E.2d at 169 (citation omitted).

Dover's Master Maintenance Agreement provides that "nothing *in this agreement* shall be construed to mean that we assume any liability on account of accidents to persons or property except those directly due to negligent acts of Dover Elevator Company...." (emphasis added). The purchase orders provide that Dover will indemnify Goodyear "from all liability for loss, damage or injury to person," whether or not such liability arises out of Goodyear's own negligence.

 While the Maintenance Agreement *makes no arrangement* for indemnity, it also *does not preclude* the separate indemnity contract reflected in the purchase orders. Applying the *Moore* ruling, this Court must attempt to give effect to all contractual provisions. After reading the Maintenance Agreement and purchase orders together, the Court concludes that Goodyear has a clear and unequivocal right to indemnification.[1]

Accordingly the Court **GRANTS** Goodyear's motion for summary judgment and DENIES Dover's motion. The Clerk is directed to send a copy of this Order to counsel of record.

---

**1.** The Court notes that contemporaneous writings may not be used to modify a valid contract. In *Oliver Typewriter Co. v. Huffman,* 65 W.Va. 51, 63 S.E. 1086 (1909), the Court ruled as follows:

> "It is a general rule of law that 'if there are contemporaneous writings between the same parties, so far in relation to the same subject-matter that they may be deemed part and parcel of the contract, although not referred to in it, they may be read in connection with it.'
>
> . . . . .
>
> This rule *does not admit evidence for the purpose of changing, modifying, or abrogating the contract,* but that the whole contract, in all its parts, may be presented, construed, and interpreted together...." *Id.* at 56, 63 S.E. at 1088 (emphasis added) (citation omitted).

In *Consolidation Coal Company v. Mineral Coal Company,* 147 W.Va. 130, 126 S.E.2d 194 (1962), the Court elaborated further:

> "Where a new contract is made *with reference to the subject matter of a former contract,* containing provisions clearly inconsistent with certain provisions of the original contract, the obligations of the earlier contract, in so far as they are inconsistent with a later one, will be abrogated and discharged, and the two contracts will be construed together, disregarding the provisions of the original, which are inconsistent with those of the latter." *Id.* Syl Pt. 3 (emphasis added).

Applying *Huffman* and *Mineral Coal,* Goodyear's purchase order contracts cannot be *modified or changed* by provisions from Dover's Master Maintenance Agreement. Contemporaneous writings may only be used to *help construe or interpret* the purchase orders.