WHEELING DOWNS RACING ASSOCIATION *a corporation*

*v.*

WEST VIRGINIA SPORTSERVICE, INC., *a corporation*, AND

LAWRENCE SPORTSERVICE, INC., *a corporation*

(No. 13518)

Decided June 24, 1975.

936

*Frank A. Pietranton, Jeremy C. McCamic, McCamic, McCamic & Hazlett,* for appellant.

NEELY, JUSTICE:

This appeal was granted for the purpose of defining further the order of this Court rendered in the case of *Wheeling Downs Racing Association, Inc. v. West Virginia Sportservice, Inc.,* W. Va., 199 S.E.2d 308 (1973). As the Court finds that the Circuit Court of Ohio County erred in its interpretation of the mandate of this Court in the original case, *supra,* the judgment of the Circuit Court of Ohio County is reversed.

In December 1957 Wheeling Downs Racing Association entered into six separate agreements with West Virginia Sportservice, Inc. pertaining to concessions to be operated by Sportservice on the premises owned by Wheeling Downs. The parties operated under the agreements until 1962 when a fire closed down the race track for a period of five years. When the track reopened in 1967 a dispute arose concerning the proper services to be given in the new, rebuilt clubhouse because the appellant, Wheeling Downs, requested more extensive services from the appellee than the appellee was willing to render. In 1969 Wheeling Downs informed Sportservice that it would consider the agreements terminated and instituted a declaratory judgment to determine the parties' rights under the contracts. Upon the application of Sportservice the circuit court awarded a temporary injunction to prohibit the eviction of Sportservice, and in 1971 the circuit court entered an order in favor of Sportservice awarding

a permanent injunction to prohibit the eviction of Sportservice and to enforce specific performance of all six contracts.

In June 1973 this court reversed the circuit court with regard to two of the six contracts, namely the two contracts involving the food concessions. The other four contracts involved parking and programs which this Court found in all regards still in force and effect.

The question to be determined on this appeal is whether the two food concession agreements are entirely inoperative or whether only those parts of the food concession agreements concerning the new dining facilities are devoid of force and effect because of changed circumstances. By this Court's former opinion it was determined that by virtue of the structural changes necessitated by the fire there was no agreement between the parties with regard to food because of the following clause in the original contracts:

> "It is further agreed however, that if by virtue of structural improvements, changes and/or additions by Owner to premises or otherwise, Owner requests of Concessionaire performance of a type, nature or extent of service or operation unusual or different from present operations, then and in that event Concessionaire may within its option, elect to perform such different or unusual services, *the same however to be upon terms and conditions to be mutually agreed upon.*" [Emphasis supplied by Court]

This Court found that after the fire Wheeling Downs made such structural changes as those contemplated in the original agreement and as a result Sportservice, by necessity, was required to provide service different from that originally agreed upon and performed. This Court held, therefore, that as the original contract contemplated mutual agreement for any change in the nature or type of service as a result of structural improvements or changes, and as there was no mutual agreement after the changes were made, the entire food concession contract was unenforceable.

The circuit court order of May 30, 1974 from which this appeal is taken provided that Wheeling Downs would continue to be enjoined from interfering with Sportservice in the enjoyment of its concessions, and that "the defendants [Sportservice] shall have the sole and exclusive right to operate all food, beverage, and general concessions at said Wheeling Downs as contemplated by The Agreement Concessions dated December 13, 1957 and its supporting lease except for the food concessions in said new dining facility in the grandstand area ...." By that order the circuit court determined that the regular food concessions would not be disturbed by failure of the parties to agree concerning service in the new dining facility because the food concessions were not an integral part of that new dining area, and it is that determination which appellant assigns as error.

The Court holds that the circuit court erred in interpreting our opinion as permitting the food concession agreements to be invalidated in part and enforced in part. The Court holds that the food concession agreements represented one unified bargain, particularly as there was no provision in the contracts for severability. A material change in circumstances with regard to one aspect of the agreement necessarily implies that the relative conditions surrounding the rest of the bargain must also change. This Court cannot reasonably infer that were the dining facilities to be excluded from the entire concession agreement the parties would have arrived at the same terms and conditions with regard to the other food and beverage concessions that are embodied in the existing food concession agreements. As this Court said in our prior holding, citing *Martin v. Ewing*, 112 W. Va. 332, 164 S.E. 859 (1932): "A meeting of the minds of the parties is a *sine qua non* of all contracts."

Therefore the judgment of the Circuit Court of Ohio County is reversed and the case is remanded with directions to enter an order in conformity with this opinion.

*Reversed and remanded.*