491 S.E.2d 42

**STATE of West Virginia ex rel. CENTER DESIGNS, INC., a Corporation, Petitioner**

v.

**Honorable John L. HENNING, Jr., Judge of the Circuit Court of Randolph County, and Kermit Butcher, d/b/a Kermit Butcher, Contractor, Respondents.**

No. 23983.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1997.

Decided July 10, 1997.

Charles G. Johnson, Johnson, Simmerman & Broughton, Clarksburg, for Petitioner.

John S. Kaull, West & Jones, Clarksburg, for Respondent Butcher.

Petition for Writ of Prohibition

PER CURIAM:

In this original proceeding in prohibition the relator, Center Designs, Inc., prays that this Court prohibit the respondent judge of the Circuit Court of Randolph County from proceeding further with a civil action instituted by the respondent, Kermit Butcher, doing business as Kermit Butcher, Contractor. Center Designs, Inc., also prays that this Court direct that Kermit Butcher submit his dispute with it to binding arbitration. After reviewing the documents filed and the issues in this case, this Court concludes that Center Designs is entitled to a writ of prohibition prohibiting the circuit court from proceeding further until arbitration is complete. The Court also believes, however, that an order directing Mr. Butcher to submit to binding arbitration is outside the scope of prohibition, and the Court denies Center Designs' prayer on that point.

The respondent, Kermit Butcher, is a paving contractor who does paving work in Randolph County, West Virginia. The relator, Center Designs, Inc., is the owner of a shopping center constructed, or currently under construction, in Randolph County, West Virginia.

In the course of constructing the shopping center Center Designs contacted Mr. Butcher about paving the parking lot at the shopping center. The initial oral discussions between the parties apparently resulted in a general agreement that Mr. Butcher would do the paving for $209,600.00. After this general agreement was reached, Center Designs prepared and sent a written contract to Mr. Butcher for his inspection and signature. This written contract contained many details which apparently had not been included in the parties' general agreement. The written contract was a standard American Institute of Architects Agreement Between an Owner and a Contractor. The contract was typed on a printed form. The printed form was referred to as AIA Document A101/CMa. · In its heading the form stated:

*THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES; CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION.*

The printed form also stated:

### THE CONTRACT DOCUMENTS

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement; these form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Contract Documents, other than Modifications, appears in Article 9.

The Article 9 referred to in the Contract Documents section stated the following about the Contract Documents:

9.1.1 The Agreement is this executed Standard Form of Agreement Between

Owner and Contractor, AIA Document A101/CMa, 1992 Construction Manager–Adviser–Edition.

9.1.2 The General Conditions are the General Conditions of the Contract for Construction, AIA Document A201/CMa, 1992 Construction Manager–Adviser Edition.

From the documents filed with this Court it does not appear that the General Conditions Document, AIA Document A201/CMa, 1992 were submitted to Mr. Butcher along with the basic document.

The statement of General Conditions, AIA Documents A201/CMa, referred to in the contract, contained a statement that controversies arising out of the contract would be submitted to arbitration. Specifically, the General Conditions stated:

Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.7.5. Such controversies or Claims upon which the Architect has given notice and rendered a decision as provided in Subparagraph 4.8.4 shall be subject to arbitration upon written demand of either party. Arbitration may be commenced when 45 days have passed after a Claim has been referred to the Architect as provided in Paragraph 4.7 and no decision has been rendered.

The testimony of Mr. Butcher in this case indicates that after he received the written contract from Center Designs, he did not read it. On the other hand, the testimony of his secretary indicates that she carefully read most of it and realized that there were other documents included by reference which had not been submitted. According to the secretary she advised Mr. Butcher to consult an attorney before signing the document. In spite of this, Mr. Butcher proceeded to sign the contract and transmit it to Center Designs, Inc.

After signing the written contract, Mr. Butcher began to pave the parking lot. In the course of the paving process there were apparently some modifications to the contract which are peripheral for this proceeding.

After Mr. Butcher had paved the parking lot, the relator, Center Designs, Inc., paid him $161,826.45 or some $47,000.00 less than had been provided for in the written contract. It appears that the amount paid was less than the full amount agreed upon because Center Designs felt that some of the paving work had been done in an improper manner.

Shortly after completing the work, Mr. Butcher filed a Notice of Mechanic's Lien against the shopping center property. Upon receiving the Notice of Mechanic's Lien, Center Designs submitted the dispute with Mr. Butcher to the American Arbitration Association for arbitration. This submission was in conformity with the General Conditions of the Contract, which Mr. Butcher had signed.

Shortly after the dispute was submitted to arbitration Mr. Butcher filed suit in the Circuit Court of Randolph County to enforce the Mechanic's Lien. By a separate notice he sought a stay of the arbitration process which Center Designs, Inc., had instituted with the American Arbitration Association.

Subsequent to the filing of the lien enforcement proceeding and Mr. Butcher's petition for a stay of the arbitration proceeding, the circuit court issued an order staying the arbitration proceedings. The effect of this was to permit Mr. Butcher's lien enforcement suit to proceed in circuit court. In staying the arbitration proceedings the circuit court specifically found that there was no bargained-for arbitration between Mr. Butcher and Center Designs, Inc. The court also noted that the failure of the court to retain jurisdiction over the subject matter would result in a multiplicity of actions and Mr. Butcher's complaint in effect raised lien priority issues that would require judicial determination.

As previously indicated, in the present prohibition proceeding, Center Designs, Inc., is praying that this Court prohibit the circuit court from further staying the arbitration proceedings.

■ This Court has recognized that the parties to a contract may agree that a decision of arbitrators or a third person is a condition precedent to the right to bring an action upon the contract. In Syllabus Point 1 of *Board of Education of the County of Berkeley v. W. Harley Miller, Inc.,* 159 W.Va. 120, 221 S.E.2d 882 (1975), the Court stated the rule as follows:

By their contract, parties may lawfully make the decision of arbitrators or any third person a condition precedent to a right of action upon the contract.

In Syllabus Point 2 of the same case the Court stated:

A contract providing a procedure for arbitration of disputes, and providing that: (1) all claims, disputes or other matters in question arising out of, or relating to the contract shall be decided by arbitration, unless the parties mutually agree otherwise; (2) the arbitration agreement shall be specifically enforceable under the prevailing arbitration law; (3) the arbitration award shall be final; and (4) the judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof—, creates a condition precedent to any right of action arising under the contract.

In reaching our decision in the *Miller* case, the Court in part relied upon the holding in *Pettus v. Olga Coal Company,* 137 W.Va. 492, 72 S.E.2d 881 (1952). In the *Pettus* case the Court observed that arbitration, as a condition precedent to the bringing of a civil action, may arise not only by express language contained in the contract between parties, but by necessary implication from language providing for arbitration.

In the *Board of Education of the County of Berkeley v. W. Harley Miller, supra,* a contract between the Board of Education of Berkeley County and W. Harley Miller, a construction company, contained an arbitration clause which provided:

All claims, disputes and other matters in question arising out of, or relating to this Contract or the breach thereof, ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrator shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

The Court, after examining this language, concluded that such language, by necessary implication, made arbitration a condition precedent to the right of the parties to bring an action in the courts of law of this State.

■ An examination of the language of the arbitration clause in the present case shows that it is very similar to the arbitration clause involved in the *W. Harley Miller* case. The arbitration clause in the present case, for instance, provided that any controversy or claim arising out of or related to the contract or the breach thereof shall be settled by arbitration. The *W. Harley Miller* case covered all claims, disputes and other matters in question arising out of or relating to this contract or the breach thereof, and further provided that such claims "shall be decided by arbitration ..." Although the arbitration clause in the present case did not provide that it was specifically enforceable under prevailing arbitration law, it did provide that "judgement upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof" except as to specific enumerated controversies. Similarly, the clause involved in the *W. Harley Miller* case provided that: "Judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

In this Court's view, the arbitration clause involved in the present case is sufficiently similar to that involved in the *W. Harley Miller* case for the Court to conclude that, by necessary implication, the parties intended that arbitration be a condition precedent to the bringing of an action in a court of law.

■ Although Mr. Butcher has taken the position that the arbitration clause was not bargained for, it is clear that he entered into a general agreement with Center Designs, Inc., apparently through the bargaining process, and it further appears that it was implicit in the general agreement between the parties that a written contract would be submitted by Center Designs, Inc., to Mr. Butcher and that this written contract would flesh out and provide the details of their working arrangement. Mr. Butcher received the basic agreement, and it is clear that he was notified by his secretary that he should contact a lawyer before signing it, but he apparently found that what submitted was adequate, and he signed the instrument in spite of his secretary's recommendation, and in spite of the fact that he apparently did not read it in detail.

The record in this case suggests that Mr. Butcher was a substantial businessman, and as such, he should have been knowledgeable about the business aspects of entering into commercial paving contracts, especially one for almost a quarter of a million dollars. The alacrity with which he filed his Notice of a Mechanic's Lien suggests that he had substantial legal knowledge of the ramifications of his business.

Given the circumstances of this case, this Court really cannot conclude that the agreement between Mr. Butcher and Center Designs, Inc., was not bargained for. He clearly negotiated with Center Designs, Inc.; he had the general documents embodying his agreement with Center Designs, Inc., in his possession; and he signed them.

In summary, the Court believes that the contract between Mr. Butcher and Center Designs, Inc., made arbitration a condition precedent to the bringing of a legal action, and as indicated in Syllabus Point 1 of *Board of Education of County of Berkeley v. W. Harley Miller, Inc., supra,* under our law parties to a contract may lawfully make the decision of an arbitrator a condition precedent to the right of action upon a contract.

In *State ex rel. Ranger Fuel Corp. v. Lilly,* 165 W.Va. 98, 267 S.E.2d 435 (1980), this Court indicated the remedy of prohibition is available to prohibit a circuit court from proceeding further where the court has ignored a contractual provision making arbitration a condition precedent to the bringing of an action in the courts of law.

In view of this, it is appropriate that a writ of prohibition issue prohibiting the Circuit Court of Randolph County from proceeding further on Mr. Butcher's actions growing out of the contract between him and Center Designs, Inc., until such time as the arbitration between Mr. Butcher and Center Designs, Inc., is concluded, and an arbitration award has been made.

■ As previously indicated, Center Designs, Inc., is also asking this Court to direct Mr. Butcher to submit to binding arbitration. The purpose of prohibition is to prohibit courts of law or other adjudicative governmental bodies from exceeding their lawful jurisdiction.

The specific relief which Center Designs, Inc., is requesting against Mr. Butcher in this Court's view is not appropriate and must be declined since Mr. Butcher is not an inferior court or tribunal, and since this Court has long held that prohibition will not lie to compel a private individual to perform an affirmative act. *Moore v. Holt,* 55 W.Va. 507, 47 S.E. 251 (1904).

For the reasons stated, a writ of prohibition is issued prohibiting the Circuit Court of Randolph County from proceeding further in Kermit Butcher's actions arising out of his contract with Center Designs, Inc., until such time as arbitration between Mr. Butcher and Center Designs, Inc. is concluded and until such time as an arbitration award has been made.

Writ granted as moulded.