# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jana Studeny and Amy Smith,**
**Plaintiffs Below, Petitioners**

**vs)    No. 13-0363** (Cabell County 09-C-820)

**Cabell Huntington Hospital,**
**Defendant Below, Respondent**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Jana Studeny and Amy Smith, by counsel Paul T. Farrell Jr., appeal the February 22, 2013, order of the Circuit Court of Cabell County granting summary judgment in favor of respondent. Respondent Cabell Huntington Hospital, by counsel Thomas L. Craig and Molly K. Frick, has filed a response in support of the circuit court's order. Petitioners have filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners Jana Studeny and Amy Smith were employees of Respondent Cabell Huntington Hospital, Inc., but were laid off on January 6, 2009. Respondent had a "Staff Reduction Policy" in effect that provided a severance package when the hospital was forced to reduce its work force. Petitioner Studeny was verbally informed that she would receive a severance package and was given a letter outlining the terms of her separation from employment. Petitioner Smith was given a similar letter with no discussion. Both petitioners were given a letter from the hospital Chief Executive Officer, addressed to all of respondent's employees, announcing the reduction in force and promising laid-off employees a "severance package." Both the "Staff Reduction Policy" and layoff letters contain identical provisions that are relevant to this litigation: (1) one week's pay in lieu of the required seven days' advance notice of layoff; (2) salary continuation pay based on years of service; and, (3) payment of accrued benefit time. Petitioners received their unused vacation and holiday time and their sick leave benefits were maintained by respondent for a period of twelve months. Respondent alleges that petitioners were never told that they would receive payment for their unused sick time, but petitioners dispute this contention.

1

Petitioners filed unemployment claims with WorkForce West Virginia. Initially, the WorkForce Deputy held that petitioners were ineligible for benefits during the time they received their salary continuation payments from respondent on the basis that petitioners were "neither totally nor partially unemployed." Petitioners appealed this decision, and during the unemployment compensation litigation, respondent initially took the position that "salary continuation pay" is considered wages and refused to pay unemployment compensation. The Administrative Law Judge ("ALJ") disagreed, stating:

> West Virginia Code, Chapter 21A-1A-28(10) provides that vacation pay, severance pay or savings plans received by and [sic] individual before or after becoming totally or partially unemployed that are earned prior to becoming totally or partially unemployed are excluded from the definition of wages.
>
> The claimant received "salary continuation pay." Under the law, this can only be characterized as severance pay. The claimant earned this pay based on length of service. . . .

Therefore, the ALJ reversed the deputy's decision and held that petitioners were not ineligible for unemployment benefits during the salary continuation payments. Respondent now admits that it paid severance pay, but a dispute arose regarding whether sick pay is an "accrued benefit time" for purposes of severance pay. Petitioners claim they should have been paid for accrued sick pay, while respondent disagrees. Petitioners therefore filed suit and later amended the complaint, claiming breach of contract relating to the alleged promise of severance pay.

During discovery, respondent's Vice President of Human Resources and Organizational Development, Barry Tourigny, testified that sick pay is an accrued benefit, and that respondent's practice is different from its written policy. After discovery, petitioners filed a motion for summary judgment, which respondent opposed, arguing that there was a genuine issue of material fact as to the express terms of employment between respondent and petitioners regarding whether unused sick time must be paid in the event of a layoff. The circuit court denied petitioners' motion for summary judgment.

On the morning of the first day of trial, the circuit court granted summary judgment in favor of respondent on Count III of the Amended Complaint, relating to the payment of severance pay for their earned sick leave following a reduction in force. The circuit court found that respondent "did not offer to the [Petitioners] to pay them severance pay" and that any offer of severance pay was not supported by consideration, rendering the same gratuitous and unenforceable.

On appeal, we review a summary judgment order under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *id*.; Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

Petitioners assert several assignments of error. First, petitioners argue that the trial court's finding of fact that respondent did not offer severance pay is clearly erroneous, and that the record contains evidence of an offer of sick time as part of the severance pay which was definite in form, communicated to petitioners, and accepted. This Court has stated that petitioners are required to prove (1) that there was an offer on the part of respondent to pay petitioners' unused sick time; (2) that there was an acceptance of said offer by petitioners; (3) that there was mutuality of assent or a "meeting of the minds" between petitioners and respondent regarding the payment of the unused sick time; and (4) that there was consideration. *See Wheeling Downs Racing Ass'n v. West Virginia Sportservice, Inc.,* 158 W.Va. 935, 216 S.E.2d 234 (1975); *Adkins v. Inco Alloys Int'l, Inc.,* 187 W.Va. 219, 417 S.E.2d 910 (1992). Moreover, this Court has held that in order to make an objective determination of an offer and of mutuality of assent,

> it is necessary that there be a proposal or offer on the part of one party and an acceptance on the part of the other. Both the offer and acceptance may be by word, act or conduct that evince the intention of the parties to contract. That their minds have met may be shown by direct evidence of an actual agreement or by indirect evidence through facts from which an agreement may be implied.

*Bailey v. Sewell Coal Co.,* 190 W.Va. 138, 140-41, 437 S.E.2d 448, 450-51 (1993). Respondent's goal of reducing its workforce was accomplished when petitioners were terminated, and there was no bargaining between the parties needed to accomplish the goal. Respondent derived nothing from the severance payments, and there was no forbearance, loss, or detriment suffered by petitioners. No offer was communicated to petitioners to pay accrued sick time as severance pay. Therefore, the circuit court's findings were not clearly erroneous.

Next, petitioners argue that the trial court's conclusion of law that severance pay is gratuitous, and unenforceable for lack of consideration, is reversible error. Petitioners state that severance pay is gross income for services rendered. The circuit court noted as follows:

> Consideration is an essential element of, and is necessary to the enforceability or validity of a contract. Consideration means "some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by another." A benefit to the promisor or a detriment to the promisee is sufficient consideration for a contract. *First National Bank of Gallipolis v. Marietta Manufacturing Co.*, 151 W.Va. 636, 642, 153 S.E.2d 172, 177 (1967).

This Court finds no error in the circuit court's findings that there is no evidence of consideration exchanged between petitioners and respondent in relation to the severance payments. The record is devoid of any evidence that respondent received any benefit from the severance payments and there is no evidence that there was any detriment, loss or forbearance on the part of petitioners in regard to their receipt of the severance payments. Specifically, respondent did not require petitioners to sign a release of any claims or causes of action they might have against respondent or to forego any rights or actions as a condition of their entitlement to the severance payments. Under the facts of this case, in the absence of evidence of an offer and consideration, respondent

cannot, as a matter of law, establish a prima facie case of the existence of a contract for the payment for petitioners' unused sick time upon their separation from employment.

Petitioners also argue that the circuit court erred in refusing to apply the doctrine of administrative collateral estoppel, and then subsequently in excluding the WorkForce West Virginia administrative record from the record. This Court has held that:

> Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit . . . Because collateral estoppel recognizes that the second suit may be on a different cause of action, its focus is on whether the issues which are being sought to be litigated in the second suit were actually litigated in the first suit.

*Conley v. Spillers*, 171 W.Va. 584, 588, 301 S.E.2d 216, 220 (1983). Petitioners have failed to establish that the doctrine of collateral estoppel should have applied to the ALJ's decision. In fact, the doctrine is wholly inapplicable to the issues presented in this case. The ALJ's determination was limited to whether petitioners received severance pay from respondent for purposes of determining whether they were disqualified from also receiving unemployment benefits during the same time period. The issue of whether respondent contracted with petitioners for the payment of severance pay or unused sick time was neither presented to nor considered by the ALJ.

Additionally, the circuit court properly granted respondent's motion to exclude the WorkForce West Virginia records and held the ALJ records inadmissible because "it would be more prejudicial than relevant to this jury." Petitioners' motion for summary judgment was denied and the court found that the ALJ's decision was not binding on the court because the issues were not identical. Rulings on motions in limine and the admissibility of evidence are matters which lie within the discretion of the trial court. This Court has held that:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.

*Reynolds v. City Hosp., Inc.*, 207 W.Va. 101, 108-09, 529 S.E.2d 341, 348-49 (2000). The trial court's decision to exclude the WorkForce West Virginia records was not an abuse of discretion, but was overwhelmingly supported by the record, as the evidence was more prejudicial than probative and the issues were not identical.

Finally, petitioners argue that the circuit court erred as a matter of law by refusing petitioners' motion for summary judgment by failing to properly apply the rules of construction. Petitioners argue that the record is clear that respondent promised severance pay, that severance pay includes accrued benefit time, that sick pay is an accrued benefit, and, therefore, that

4

severance pay includes sick pay. This Court finds that summary judgment was properly granted in favor of respondent in this case. Petitioners have misstated the language in both Tourigny's letter and the Staff Reduction Policy. The provision states as follows: "Sick leave- no accrual during salary continuation period but balance maintained for a period of 12 months." Further, respondent's "Paid Sick Leave" Policy provides that "[a]n employee shall not accrue paid sick leave benefits . . . [d]uring a lay-off." Thus, the Petitioners' claim that the "extended benefits" set forth in Tourigny's letter only apply during the salary continuation period is simply erroneous and not supported by the record. Petitioners further claim that there is no provision for how the unused sick leave during the salary continuation period is to be dealt with after the twelve months expires. This is incorrect. The Staff Reduction Policy states that "if the employee has not regained active employment within twelve calendar months of the effective date of their layoff, they [sic] will be terminated from employment." Respondent's Paid Sick Leave Policy further states that "[a]ccrued sick leave shall not be paid when employment is terminated." Therefore, the circuit court did not err in granting summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Menis E. Ketchum

5