# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory Toney,**
**Plaintiff Below, Petitioner**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-1101** (Kanawha County 12-C-834)

**EQT Corporation, and Daniel Crowe, individually,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Gregory Toney, by counsel Mark L. French and Sean W. Cook, appeals the Circuit Court of Kanawha County's "Order Granting Defendants' Renewed Motion to Dismiss and Compel Arbitration and Denying Plaintiff's Motion for Stay of Arbitration," entered on August 29, 2013. Respondents EQT Corporation ("EQT") and Daniel Crowe, by counsel Kevin L. Carr, Lewis G. Brewer, and Ellen J. Vance, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural Background

Petitioner was employed by EQT for several years prior to his termination in January of 2012. Respondent Daniel Crowe had served as petitioner's immediate supervisor since 2008. On May 9, 2012, following his termination from employment, petitioner filed a civil action against respondents alleging age discrimination, hostile work environment based on age, retaliatory discharge, hostile work environment and unlawful retaliation based on petitioner reporting alleged violations of the West Virginia Human Rights Act, breach of express and/or implied employment contract, breach of implied covenant of good faith and fair dealing in employment, violation of West Virginia Wage Payment and Collection Act, and intentional and reckless infliction of emotional distress.

On April 22, 2013, respondents filed a renewed[1] motion to dismiss petitioner's civil action and to compel arbitration based upon an Alternative Dispute Resolution Agreement

---

[1] Respondents renewed motion to dismiss followed (1) the circuit court's denial of their original motion to dismiss on October 16, 2012, in which the circuit court determined that discovery was necessary on the issue of whether petitioner received consideration for signing the

("ADR Agreement") executed between petitioner and respondents on March 7, 2007. The ADR Agreement covered "any claim that is related in any way to an individual's employment with Equitable [now EQT] that is recognized in the federal or state courts where the employee works," with certain exclusions not relevant to this case.[2] Petitioner filed a response to respondents' motion, and the circuit court held a hearing thereon on August 13, 2013.[3] The circuit court granted respondents' motion and compelled arbitration by order entered on August 29, 2013. Petitioner now appeals the August 29, 2013, order to this Court.

In compelling arbitration,[4] the circuit court found that by signing the ADR Agreement, petitioner agreed to submit specified employment related disputes to arbitration, and EQT likewise became (1) mutually obligated to be bound by the result of arbitration, and (2) mutually obligated to submit specified disputes it had with petitioner to arbitration. Additionally, in exchange for signing the ADR Agreement in March 2007, petitioner became eligible to participate in EQT's 2007 Short Term Incentive Plan ("STIP") and future STIPs offered by EQT. The STIP is an incentive program that provides employees who meet certain performance goals with cash bonuses. Had petitioner not signed the ADR Agreement, he would not have been

---

ADR Agreement; (2) this Court's refusal of respondents' petition for writ of prohibition on November 14, 2012, where respondents sought to prohibit discovery beyond the arbitration issue and to proceed summarily to that issue; and (3) the United States District Court for Southern District of West Virginia's denial of respondents' petition seeking to compel arbitration on April 26, 2013, on the basis of judicial abstention. These prior rulings did not rule upon the enforceability of the ADR Agreement.

[2] In addition to requiring both EQT and petitioner to submit all employment disputes to a neutral arbitrator, the ADR Agreement also contained language whereby petitioner expressly acknowledged that the agreement did not change his status as an "at-will" employee who could be terminated with or without cause or with or without notice.

[3] According to the circuit court, both parties indicated that no further discovery was required on the issue of the enforceability of the ADR Agreement.

[4] In Syllabus Point 2 of *State ex rel. TD Ameritrade, Inc. v. Kaufman,* 225 W.Va. 250, 692 S.E.2d 293 (2010), this Court held that

> [w]hen a trial court is required to rule upon a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–307 (2006), the authority of the trial court is limited to determining the threshold issues of (1) whether a valid arbitration agreement exists between the parties; and (2) whether the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement.

In the present case, the parties do not dispute that petitioner's claims fall within the substantive scope of the ADR Agreement. The issue here is whether the ADR Agreement is valid.

2

eligible to participate in the 2007 STIP or future STIPs.[5] However, the circuit court found that petitioner would have continued his employment with EQT had he refused to sign, but he would not have been eligible to receive the bonuses provided by the STIP.

At the time petitioner signed the ADR Agreement, EQT had already determined that he was eligible to receive a cash bonus pursuant to the 2007 STIP. The only remaining eligibility requirement for petitioner's participation in the STIP was his execution of the ADR Agreement. As a direct result of his signing the ADR Agreement, petitioner received a gross bonus of $8,475 under the 2007 STIP. The circuit court also found that because petitioner remained eligible for subsequent STIPs as a result of his signing the ADR Agreement in 2007, he received additional gross bonuses totaling $59,035 for the subsequent years until his termination in 2012.

The circuit court concluded that because petitioner's claims in his civil action fell within the substantive scope of the ADR Agreement, pursuant to the Federal Arbitration Act, such claims must be arbitrated according to the terms of the ADR Agreement. The circuit court concluded that because both EQT and petitioner agreed to submit their respective "employment disputes" to arbitration and to be bound by the results thereof, petitioner had been provided adequate consideration supporting the ADR Agreement. The circuit court further concluded that participation in the STIPs, and the additional compensation petitioner received as a result of his participation, constituted additional consideration supporting the ADR Agreement. Because petitioner participated in the STIP in 2007, continued to participate until his termination, and received substantial additional compensation as a result of his participation, the court concluded that the consideration provided by EQT was not illusory. Lastly, the circuit court determined that the ADR Agreement was neither procedurally nor substantively unconscionable. Petitioner now appeals to this Court and challenges the circuit court's determination that a valid arbitration agreement existed between the parties.

**Discussion**

The standard of review is set forth in Syllabus Point 4 of *McGraw v. American Tobacco Co., et al.,* 224 W.Va. 211, 681 S.E.2d 96 (2009), which states as follows:

> This Court will preclude enforcement of a circuit court's order compelling arbitration only after a de novo review of the circuit court's legal determinations leads to the inescapable conclusion that the circuit court clearly erred, as a matter of law, in directing that a matter be arbitrated or that the circuit court's order constitutes a clear-cut, legal error plainly in contravention of a clear statutory, constitutional, or common law mandate.

Moreover, whether an arbitration agreement constitutes a valid contract is a matter of state contract law. *See State ex rel. Clites v. Clawges,* 224 W.Va. 299, 305, 685 S.E.2d 693, 699 (2009); *Southland Corp. v. Keating,* 465 U.S. 1, 16 (1984). In West Virginia, the fundamental elements of a legal contract are an offer and acceptance supported by consideration. *See* Syl. Pt.

---

[5] Petitioner participated in the STIP prior to 2007. However, it was not until 2007 that EQT required employees execute the ADR Agreement to be eligible to participate.

1, *First Nat'l Bank of Gallipolis v. Marietta Mfg. Co.,* 151 W.Va. 636, 153 S.E.2d 172 (1967). This Court has held that

> [i]t is elementary that mutuality of assent is an essential element of all contracts. *Wheeling Downs Racing Ass'n v. West Virginia Sportservice, Inc.,* 158 W.Va. 935, 216 S.E.2d 234 (1975). In order for this mutuality to exist, it is necessary that there be a proposal or offer on the part of one party and an acceptance on the part of the other. Both the offer and acceptance may be by word, act or conduct that evince the intention of the parties to contract. That their minds have met may be shown by direct evidence of an actual agreement or by indirect evidence through facts from which an agreement may be implied. *See Lacey v. Cardwell,* 216 Va. 212, 217 S.E.2d 835 (1975); *Charbonnages de France v. Smith,* 597 F.2d 406, 415–416 (4th Cir.1979).

*Ways v. Imation Enters. Corp.,* 214 W.Va. 305, 313, 589 S.E.2d 36, 44 (2003). In addition, in Syllabus Points three and four of *Kirby v. Lion Enterprises, Inc.,* __ W.Va. __, 756 S.E.2d 493 (2014), we held as follows:

> "The formation of a contract with multiple clauses only requires consideration for the entire contract, and not for each individual clause. So long as the overall contract is supported by sufficient consideration, there is no requirement of consideration for each promise within the contract, or of 'mutuality of obligation,' in order for a contract to be formed." Syl. Pt. 6, *Dan Ryan Builders, Inc. v. Nelson*, 230 W.Va. 281, 737 S.E.2d 550 (2012).

> The law enunciated in syllabus point six of *Dan Ryan Builders, Inc. v. Nelson,* 230 W.Va. 281, 737 S.E.2d 550 (2012), that "the formation of a contract with multiple clauses only requires consideration for the entire contract, and not for each individual clause" modified the law set forth in *Board of Education v. W. Harley Miller, Inc.,* 160 W.Va. 473, 236 S.E.2d 439 (1977), to the extent that an arbitration clause in a contract need not be specifically "bargained for."

With the above case law in mind, including our recent decision in *Kirby,* we now address petitioner's appeal, in which he raises three assignments of error. First, he argues that the ADR Agreement is unenforceable for lack of adequate consideration. Because he was enrolled in the STIP prior to 2007, petitioner contends that he did not receive any new consideration when he signed the ADR Agreement and gave up his right to pursue his grievances in court. Citing *Williston on Contracts* § 7:7, *2, petitioner states that "the doctrine that past consideration is no consideration represents the overwhelming weight of authority and has represented the weight of authority since the early common law." However, by focusing so heavily on the STIP, petitioner ignores the fact that the ADR Agreement contains mutual commitments by EQT and petitioner to submit their respective employment disputes to binding arbitration. "A valuable consideration may consist either in some right, interest, profit, or benefit accruing to the one party or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other." Syl. Pt. 1, *Tabler v. Hoult,* 110 W.Va. 542, 158 S.E. 782 (1931). In the present case, the circuit court was correct in finding that the mutual commitments to arbitrate alone constitute sufficient

4

consideration to support the contract. Accordingly, we reject petitioner's first assignment of error.

Focusing again on only the STIP, petitioner argues in his second assignment of error that the ADR Agreement is unenforceable because participation in the STIP was based on an "illusory promise." Petitioner points to the United States Court of Appeals for the Fourth Circuit, which addressed illusory promises as a deficient form of consideration and held that

> A promise becomes consideration for another promise only when it constitutes a binding obligation. Unlike a binding obligation, an "illusory promise" appears to be a promise, but it does not actually bind or obligate the promisor to anything. Because an illusory promise is not binding on the promisor, an illusory promise cannot constitute consideration.

*Hill v. Peoplesoft USA, Inc.,* 412 F.3d 540, 543 (4th Cir. 2005) (internal citations omitted). Petitioner contends that EQT's promise that petitioner would be eligible for STIPs is an illusory promise because the income gained from the STIP was not guaranteed, but rather is based on EQT's "complete and sole discretion."

We reject petitioner's second assignment of error for much the same reason as we rejected his first. We believe the ADR Agreement is supported by valid consideration inasmuch as it contains mutual commitments by the parties to arbitrate their respective disputes. However, even if we examine the alleged illusory nature of eligibility in the STIP, we disagree with petitioner. The circuit court correctly found that petitioner received valuable consideration – over $8,000 in gross pay – as a direct result of accepting the ADR Agreement in 2007. At that time, petitioner was aware that he would receive this bonus pursuant to the 2007 STIP; all that was required was his execution of the ADR Agreement. He chose to sign and received the bonus. There was nothing illusory about this promise at the time it was made.

As for the STIPs in subsequent years, the record shows that they were never a condition of employment or an entitlement for EQT employees. As such, EQT did not promise in 2007 that it would continue the STIPs in perpetuity, but rather, that employees who executed the ADR Agreement would remain eligible to participate in future STIPs so long as they met certain performance criteria. We believe EQT's promise of future eligibility constitutes a statement of a future contingency, not a meaningless gesture, or an illusory promise. *Cf.* Syl. Pt. 6, *State ex rel. Saylor v. Wilkes,* 216 W.Va. 766, 613 S.E.2d 914 (2005) ("An employer's promise merely to review an employment application in exchange for a job applicant's promise to submit employment-related disputes not associated with the application process to arbitration does not represent consideration sufficient to create an enforceable contract to arbitrate such employment disputes.").

Petitioner's final assignment of error is that the ADR Agreement is an unconscionable contract of adhesion, and thus, is unenforceable. In Syllabus Point 5 of *Kirby,* we held that

> "The doctrine of unconscionability means that, because of an overall and gross imbalance, one-sidedness or lop-sidedness in a contract, a court may be

justified in refusing to enforce the contract as written. The concept of unconscionability must be applied in a flexible manner, taking into consideration all of the facts and circumstances of a particular case." Syl. Pt. 12, *Brown ex rel. Brown v. Genesis Healthcare Corp.,* 228 W.Va. 646, 724 S.E.2d 250 (2011), *overruled in part on other grounds sub nom. Marmet Health Care Ctr., Inc. v. Brown,* —— U.S. ——, 132 S.Ct. 1201, 182 L.Ed.2d 42 (2012).

__ W.Va. __, 756 S.E.2d. 493 (2014). Moreover, petitioner must establish both procedural and substantive unconscionability in order to invalidate the agreement. *See Dan Ryan Builders, Inc. v. Nelson,* 230 W.Va. 281, 737 S.E.2d 550 (2012); *State ex rel. Johnson Controls, Inc. v. Tucker,* 229 W.Va. 486, 729 S.E.2d 808 (2012).

> With respect to procedural unconscionability, this Court has held:

> Procedural unconscionability is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract. Procedural unconscionability involves a variety of inadequacies that results in the lack of a real and voluntary meeting of the minds of the parties, considering all the circumstances surrounding the transaction. These inadequacies include, but are not limited to, the age, literacy, or lack of sophistication of a party; hidden or unduly complex contract terms; the adhesive nature of the contract; and the manner and setting in which the contract was formed, including whether each party had a reasonable opportunity to understand the terms of the contract.

Syl. Pt. 17, *Brown ex rel. Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011). The record in the present case reveals that petitioner is a high school graduate; graduated from the State Police Academy; earned an associate degree as a petroleum engineer; and held a responsible position with EQT as an assistant superintendent in pipeline operations. Additionally, the evidence demonstrates that, prior to signing the ADR Agreement, petitioner had the opportunity to ask questions of EQT's human resources department.[6] There is simply nothing in the record to indicate procedural unconcionability.

> Substantive unconscionablility involves unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party. The factors to be weighed in assessing substantive unconscionability vary with the content of the agreement. Generally, courts should consider the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and public policy concerns.

Syl. Pt. 19, *id.* Here, petitioner simply repackages his arguments in support of his first two assignments of error regarding an alleged lack of consideration, which we have rejected above. We do not find the ADR Agreement to be substantively unconscionable.

---

[6] Petitioner admitted that he did not read the ADR Agreement prior to signing it, but knew that he needed to sign in order to participate in the STIP.

6

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin